**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| Celia Cuevas, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-4735 |
| | ) | |
| Medical Express Ambulance Services, | ) | |
| Inc., d/b/a MedEx Ambulance | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION OR, IN THE
ALTERNATIVE, TO STAY PURSUANT TO *COLORADO RIVER***

Defendant, Medical Express Ambulance Services, Inc., through its undersigned counsel,

for its Motion to Dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. Proc. 12(b)(1), for lack of

subject matter jurisdiction or, in the alternative, to stay this case pursuant to the *Colorado River*

abstention doctrine pending the resolution of parallel state court litigation, states as follows:

**INTRODUCTION**

Prior to the filing of this federal case, several class actions were filed against Defendant in

the Circuit Court of Cook County, Illinois, asserting various state law claims arising out of a

cybersecurity incident that occurred in March 2024 (the "Incident"). Those Cook County cases

have now been consolidated and interim lead class counsel has been appointed. The case before

this Court is the lone federal court case alleging claims against the same defendant arising out of

the same Incident. While plaintiff asserts the Class Action Fairness Act ("CAFA") as the basis for

federal jurisdiction, the Court should dismiss this case because Plaintiff fails to establish the

amount-in-controversy requirement for CAFA jurisdiction. Even if Plaintiff could establish federal

jurisdiction, the Court should decline to exercise jurisdiction in favor of the Cook County cases

either pursuant to CAFA's home-state exception or the *Colorado River* doctrine.

1

317403507v.2

## FACTUAL AND PROCEDURAL BACKGROUND

1.       On April 30, 2025, Plaintiff filed this putative class action, asserting the following common law causes of action: (1) negligence; (2) negligence *per se*; (3) unjust enrichment; (4) breach of implied contract; and (5) breach of confidence. (ECF 1).

2.       Prior to the filing of this complaint, several purported class action lawsuits have been filed against Defendant in the Circuit Court of Cook County asserting the same or similar claims arising out of the Incident, including:

   i.       *Dixon v. Medical Express Ambulance Service, Inc.,* No. 2025CH04441, filed on April 21, 2025;

   ii.      *Long v. Medical Express Ambulance Service, Inc.,* No. 2025CH04521, filed on April 23, 2025;

   iii.     *Eller v. Medical Express Ambulance Service, Inc.,* No. 2025CH04528, filed on April 23, 2025;

   iv.      *Gorski v. Medical Express Ambulance Service, Inc.,* No. 2025CH04560, filed on April 23, 2025; and

   v.       *Glenn v. Medical Express Ambulance Service, Inc.,* No. 2025CH04621, filed on April 25, 2025 (collectively, the "Cook County Actions").

3.       On May 28, 2025, the Circuit Court of Cook County, Chancery Division, granted a motion to consolidate the Cook County Actions. (See May 28, 2025 Order, attached hereto as Exhibit A).

4.       On June 13, 2025, the Circuit Court of Cook County granted a motion to appoint interim lead class counsel in the Cook County Actions and ordered the plaintiffs to file a consolidated complaint by July 28, 2025. (See June 13, 2025 Order, attached hereto as Exhibit B). Counsel for Plaintiff in this action is not among the attorneys that were appointed as interim lead class counsel in the Cook County Actions. (Ex. B).

2

317403507v.2

5.        On July 28, 2025, the Cook County Plaintiffs filed a consolidated complaint (hereafter, the "Cook County Complaint," attached hereto as Exhibit C).  The Cook County Complaint asserts the following causes of action: (1) negligence; (2) breach of implied contract; (3) breach of fiduciary duty; (4) invasion of privacy; (5) Illinois Consumer Fraud Act; (6) unjust enrichment; and (7) declaratory judgment and injunctive relief.  The plaintiff in this lone federal case, Cuevas, is not included as a party in the Cook County Complaint.

6.        Plaintiff alleges defendant is a healthcare provider that is headquartered in Skokie, Illinois and specializes in ambulance and emergency medical services. (Plaintiff's Complaint, ECF No. 1; ¶ 3).

7.        While Plaintiff does not explicitly allege the number of putative class members, Plaintiff's complaint references a notice that Defendant issued to the Attorney General for the State of Maine (ECF No. 1; ¶ 9), in which Defendant disclosed that the number of persons whose information may have been affected is 118,418.

8.        On April 14, 2025, Defendant mailed 68,817 individual notification letters to the individuals for whom it had mailing address information.  (See Defendant's Declaration, attached hereto as Exhibit D).  Of those letters, 43,821 were mailed to individuals with Illinois addresses. (Exhibit D).

9.        Another federal court case arising out of this same Incident has already been dismissed for lack of subject matter jurisdiction.  Specifically, on May 30, 2025, another related class action was filed in this Court, *Geisheker v. Medical Express Ambulance Service, Inc.*, No. 1:25-cv-6088 (J., Hunt).  On June 4, 2025, the court *sua sponte* found that plaintiff had not properly plead either diversity jurisdiction or CAFA jurisdiction and ordered the plaintiff to file an amended

3

complaint by June 11, 2025. On June 17, 2025, after the plaintiff in *Geisheker* failed to file an amended complaint, the court dismissed the case for lack of subject matter jurisdiction.

10. Despite repeated requests by counsel for Defendant, raising the lack of CAFA jurisdiction and the pendency of the Cook County Actions, Plaintiff has not dismissed this action. Specifically, on July 29, 2025, defense counsel advised Plaintiff's counsel that Defendant would proceed with a motion to dismiss unless this case was voluntarily dismissed in favor of the Cook County Actions. Plaintiff's counsel did not respond. Today (August 4, 2025), defense counsel again wrote to Plaintiff's counsel advising Defendant would move to dismiss and asking whether Plaintiff would oppose the motion. Plaintiff's counsel did not respond prior to Defendant filing this motion.

## ARGUMENT

## I. Plaintiff fails to establish subject matter jurisdiction under the Class Action Fairness Act because the amount in controversy does not exceed $5 million.

CAFA grants district courts original jurisdiction of class actions where the following requirements are met:

1. The number of class members is 100 or more;

2. Any member of a class of plaintiffs is a citizen of a State different from any defendant; and

3. The matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, when aggregating the claims of the individual class members. 28 U.S.C. § 1332(d).

"The party asserting federal jurisdiction has the burden of showing that CAFA's requirements are satisfied." *Schutte v. Ciox Health, LLC*, 28 F.4th 850, 854 (7th Cir. 2022). "If the party opposing federal jurisdiction contests the amount in controversy, the proponent must prove those

4

317403507v.2

jurisdictional facts by a preponderance of the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011).

Here, Plaintiff fails to establish the amount-in-controversy requirement. Plaintiff does not identify any actual damages that she sustained in her complaint, failing to support threshold Article III standing, much less CAFA jurisdiction. (ECF No. 1; *passim*). Plaintiff does not allege any acts of identity theft, such as unauthorized accounts opened in her name or fraudulent transactions on her existing accounts. (ECF No. 1; *passim*). Plaintiff does not allege that she otherwise incurred any out-of-pocket costs as a result to the Incident. Plaintiff acknowledges that Defendant already offered free credit monitoring services in the notice letter she received. (ECF No. 1; ¶ 58). Rather, Plaintiff alleges only that she received a notice letter, that she spent some unspecified amount of time reviewing the situation, and that she is now concerned about the possibility of some unspecified identity theft occurring at some indefinite point in the future. (ECF No. 1; ¶ 54-66). "Class action litigation should be based on more than allegations of worry and inconvenience." *Kuhns v. Scottrade, Inc.*, 868 F.3d 711, 718 (8th Cir. 2017) (affirming dismissal of claims arising out of cybersecurity incident when plaintiff failed to allege any actual damages). Plaintiff's allegations of time spent and concern about future identity theft are insufficient to establish actual damages under Article III to have standing, or to aggregate to the CAFA jurisdictional threshold.

Not only does Plaintiff fail to allege any actual damages for her own individual claim, Plaintiff fails to allege that any other putative class members sustained any actual damages. Plaintiff cannot possibly meet the $5 million amount-in-controversy requirement when she fails to allege that anyone sustained any actual damages whatsoever. *See Crawford v. Thyssenkrupp Materials NA, Inc.,* No. 4:21-cv-390, 2021 U.S. Dist. LEXIS 200115, at *11 (E.D. Mo. Oct. 18, 2021) (remanding claims arising out of cybersecurity incident for lack of CAFA jurisdiction when plaintiff did not allege any actual damages); *Woodward v. LA Fin. Credit Union*, No. 24-cv-8858,

5

2024 U.S. Dist. LEXIS 191138, at *4 (C.D. Cal. Oct. 18, 2024) (dismissing claims arising out of cybersecurity incident when plaintiff alleged only intangible injuries without offering any estimate of the dollar amount of these injuries, and plaintiff did "not even attempt to allege that the aggregate amount in controversy exceeds $5 million").

Further, Plaintiff cannot argue that she can aggregate her claims with others who hypothetically might have sustained actual damages, because Plaintiff's claim would not be typical of those claims. *See Abdullah v. Milo's Poultry Farms, LLC*, No. 24-cv-1400, 2025 U.S. Dist. LEXIS 104875, at *5 (E.D. Wis. June 3, 2025) (in suit over contaminated food products, plaintiff could not aggregate claims of purchasers who suffered physical injuries, when plaintiff himself did not suffer any physical injuries and was not typical of those claims).

All the other plaintiffs are pursuing their claims in Cook County in the consolidated Cook County Actions instead of federal court, recognizing that they will not be able to meet CAFA's amount-in-controversy requirement. Accordingly, Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

**II.     The Court should decline to exercise jurisdiction pursuant to the Class Action Fairness Act's discretionary home state exception.**

Even if Plaintiff could establish the requirements for CAFA jurisdiction, this Court should decline to exercise jurisdiction pursuant to the discretionary home state exception. Specifically, CAFA creates the following exception:

> A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction [...] over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of—
> (A) whether the claims asserted involve matters of national or interstate interest;
> (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
> (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

(D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

(E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed. 28 U.S.C. § 1332(d)(3).

The threshold requirements for the discretionary home-state exception are met here. Plaintiff filed the lawsuit in Illinois, the primary (and only) Defendant is a citizen of Illinois, and the notice letters that Defendant mailed to individuals with Illinois addresses (43,821) constitute more than one third but less than two thirds of the 118,418 individuals whose personal information may have been affected. An analysis of the six factors further demonstrates that this court should decline to exercise jurisdiction.

*National or interstate interest*: This lawsuit does not involve any national or interstate interest. Defendant is a local medical services provider primarily serving the Chicago area. The mere fact that this matter involves a cybersecurity incident that may have affected some individuals outside of Illinois does give it any national or interstate interest. *See In re Fred Hutchinson Data Sec. Litig.,* No. 2:23-cv-01893, 2024 U.S. Dist. LEXIS 51700, at *20 (W.D. Wash. Mar. 22, 2024) (declining jurisdiction in case involving data security incident experienced by local healthcare provider, finding that "a breach centered in [the forum state] that primarily involved [the forum state's] patients" did not have a national or interstate interest). Accordingly, this factor favors dismissal.

*Laws of other states*: Plaintiff asserts only common law claims. As such, Plaintiff's complaint does not assert the laws of any other states. This factor favors dismissal. *See Id.,* at *20-21 (declining jurisdiction in case where only common law claims and statutory claims based on the forum state's laws were asserted).

7

*Pleading to avoid federal jurisdiction*: This factor more commonly arises when the defendant seeks to remove a case that the plaintiff originally filed in state court. Rather, the opposite is occurring here, where Plaintiff is seeking to pursue a case in federal court where all other plaintiffs have recognized that state court is the proper forum, and the only other federal case that was filed was dismissed for a lack of showing of CAFA jurisdiction by plaintiff. This factor is either neutral or favors dismissal.

*Nexus with forum*: Defendant is based in Illinois, the Incident occurred in Illinois, and the individuals that Defendant notified are primarily based in Illinois. Because the matter has a clear nexus to Illinois, this factor favors dismissal. *See Id.* at \*23 ("Considering the class, the alleged harm, and defendants have a nexus with [the forum state], this factor favors remand").

*Class members in forum state substantially larger than any other state*: Here, the notices Defendant mailed to Illinois are by far the largest state, at 43,821. The next largest state is Michigan at 2,322, which is only 5% of the number mailed to Illinois. The remaining notices are distributed evenly across nearly all fifty U.S. states, U.S. territories, and the District of Columbia. This factor favors dismissal. *See Id.*, at \*24 (declining jurisdiction where "there is no indication that any other single state has as great an interest in litigation the controversy as the [forum state] does").

*Other class actions*: While other class actions have been filed, the only other active cases have already been consolidated in Cook County. Courts have recognized that this factor can support dismissal, even when other class action have been filed, when all the other class actions could easily be consolidated in a single state forum. *See Id.*, at \*25 (where all pending cases had already been consolidated in state court before defendant removed them to federal court, "there is nothing to suggest that there are any significant obstacles to remanding this consolidated action to state court"); *Pearson v. Grp. Health Coop. of S. Cent. Wis.*, No. 24-cv-310, 2025 U.S. Dist. LEXIS

8

25739, at \*12 (W.D. Wis. Feb. 12, 2025) (declining jurisdiction, even when seven proposed class

actions were originally filed in state court, because all those cases were filed in the same county,

and consolidation in that county would likely be appropriate following remand, "so remanding the

cases does not significantly heighten any risk of inefficiency or inconsistent outcomes"). Here, the

Cook County Actions have *already* been consolidated, lending further support for the conclusion

that the discretionary home state exception factors support dismissal of this case. Therefore, the

Court should decline to exercise any CAFA jurisdiction and dismiss this case.

**III.    The Court should stay this action pending the resolution of the parallel Cook County Actions pursuant to the *Colorado River* abstention doctrine.**

The Colorado River doctrine provides that "a federal court may stay or dismiss a suit in

federal court when a concurrent state court case is underway, but only under exceptional

circumstances and if it would promote wise judicial administration." *Freed v. J.P. Morgan Chase*

*Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014), *quoting Colorado River Water Conserv. Dist. v.*

*United States*, 424 U.S. 800, 818 (1976). The Colorado River analysis has two steps. "The first

question is whether the concurrent state and federal actions are actually parallel. If so, the second

question is whether the necessary exceptional circumstances exist to support" abstention. *DePuy*

*Synthes Sales, Inc. v. OrthoLA, Inc.,* 953 F.3d 469, 477 (7th Cir. 2020).

A.    The subject action and the Cook County Actions are parallel proceedings.

"Suits are parallel if substantially the same parties are litigating substantially the same

issues simultaneously in two fora." *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 518 (7th

Cir. 2001). "Suits need not be identical to be parallel, and the mere presence of additional parties

or issues in one of the cases will not necessarily preclude a finding that they are parallel." *Id.* "The

question is not whether the suits are formally symmetrical, but whether there is a substantial

likelihood that the foreign litigation will dispose of all claims presented in the federal case." *Id.*

9

Here, the subject action and the Cook County Actions substantively overlap in all respects.[1] The only core difference is the named plaintiffs are different (and their opposing counsel). This difference is immaterial because both cases purport to represent the same class of all persons whose information was affected by the Incident. *See Klabo v. Easy Heat, Inc.,* No. 3:02-cv-0877, 2004 U.S. Dist. LEXIS 4459, at *14 (N.D. Ind. Feb. 6, 2004) (finding that federal class action was parallel to state court class action asserting the same causes of action despite different named plaintiffs, when "neither party cites any instance where an individual class member is included in the [state] action, but not in the [federal] action" and "the named plaintiff in the [federal] action, is a class member in the [state] case.") Accordingly, the subject action and the Cook County Actions are parallel for purposes of the *Colorado River* doctrine.

B.    The *Colorado River* factors support a stay.

After determining that the state and federal actions are parallel, "there are at least ten factors that a district court can consider in deciding whether exceptional circumstances exist that would justify deference to the state courts." *La Duke v. Burlington N. R. Co.,* 879 F.2d 1556, 1559 (7th Cir. 1989). Those factors are:

1.  whether the state has assumed jurisdiction over property;
2.  the inconvenience of the federal forum;
3.  the desirability of avoiding piecemeal litigation;
4.  the order in which jurisdiction was obtained by the concurrent forums;
5.  the source of governing law, state or federal;
6.  the adequacy of state-court action to protect the federal plaintiff's rights;
7.  the relative progress of state and federal proceedings;
8.  the presence or absence of concurrent jurisdiction;
9.  the availability of removal; and
10. the vexatious or contrived nature of the federal claim. *Id.*

[1] Cuevas asserts a claim for "breach of confidence," but Illinois courts do not recognize any such claim outside of "the context of trade secrets" or "violation of a confidential relationship in a business context," neither of which are present here. *Mucklow v. John Marshall Law Sch.,* 176 Ill. App. 3d 886, 893 (1st Dist. 1988). Cuevas also asserts a claim for "negligence *per se*," but Illinois courts have already held these types of allegations are merely a method of proving ordinary negligence, and not an independent cause of action. *Flores v. AON Corp.,* 2023 IL App (1st) 230140, ¶ 28 (dismissing negligence *per se* claim arising out of cybersecurity incident because it is merely a method of proving ordinary negligence).

10

317403507v.2

Here, four of the factors are either neutral or support deference to the Cook County Actions. On

the neutral side are factors one (there is no res involved); two (the Cook County and Northern

District of Illinois courthouses are blocks away); eight (Defendant is based in both Cook County

and the Northern District of Illinois); and nine. All of the other factors support deference, as

follows:

Piecemeal Litigation: "Piecemeal litigation occurs when different tribunals consider the

same issue, thereby duplicating efforts and possibly reaching different results." *La Duke v.*

*Burlington N. R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989). The Seventh Circuit has elaborated on

the problem posed by parallel state and federal litigation as follows:

> Identical issues will be litigated simultaneously in two different forums, and, under
> the principles of issue preclusion, an earlier decision in one court may bind the
> parties in the other court. This circumstance gives rise to two problems. First, a
> party may try to accelerate or stall proceedings in one of the forums in order to
> ensure that the court most likely to rule in its favor will decide a particular issue
> first. Second, the possibility exists that one court, unaware that the other court has
> already ruled, will resolve an issue differently and create a conflict between the two
> forums.[2] Thus, the results of simultaneous litigation of identical issues in the state
> and federal courts may be both unseemly and a grand waste of the efforts of the
> parties and the courts. As we pointed out in [*Lumen Construction, Inc. v. Brant
> Construction Co.,* 780 F.2d 691, 694 (7th Cir. 1985)], when a case proceeds on
> parallel tracks in state and federal court, the threat to efficient adjudication is self-
> evident. But judicial economy is not the only value that is placed in jeopardy.
> The legitimacy of the court system in the eyes of the public and fairness to the
> individual litigants also are endangered by duplicative suits that are the product of
> gamesmanship or that result in conflicting adjudications. *La Duke*, 879 F.2d at
> 1560.

Here, simultaneous litigation of the same or overlapping issues in federal and state court poses all

of these risks of piecemeal litigation and this factor supports deference.

[2] The court added this note here: "While the doctrine of res judicata largely obviates the risk of conflicting final
dispositions on the merits, a significant risk of conflict attends interlocutory rulings that are not ordinarily entitled to
preclusive effect. To take a fairly pedestrian example, the state and federal courts may issue contradictory orders on
discovery matters. This single, simple conflict, on matters ordinarily within the trial courts' broad discretion, leads
ineluctably to a rush to judgment, with each side attempting to push forward the litigation in the forum ruling in its
favor on the preliminary matter. In the end, the forum that loses the race will have engaged in a grand waste of efforts."
*Id.* at 1560, n. 6.

11

317403507v.2

Order in which jurisdiction was obtained: This factor supports deference, because the first lawsuits in the Cook County Actions were filed prior to the subject action.

Source of governing law: This factor supports deference, because there are no federal causes of action alleged in either the subject action or the Cook County Complaint.

Adequacy of state court: This factor supports deference, because Cook County has jurisdiction due to Defendant's presence there, and therefore all claims could be heard in Cook County.

Relative Progress of the Proceedings: This factor supports deference, because the Cook County Actions have already progressed with the consolidation order, the filing of a consolidated complaint, and the appointment of interim class counsel. Plaintiff in the subject action has not taken any material action to date to advance this case.

Vexatious or contrived nature of the federal claim: The only apparent reason why this federal case is still proceeding despite the consolidation of all other claims in the Cook County Actions is that plaintiff's counsel in this case is not among the attorneys that were appointed interim class counsel in the Cook County Actions. That is no reason to expose Defendant and this court to the risk of piecemeal and duplicative litigation. This factor supports deference.

On balance, the *Colorado River* factors demonstrates that sufficient circumstances exist for this court to abstain from exercising its jurisdiction and stay this case pending resolution of the Cook County Actions.

WHEREFORE, Defendant, Medical Express Ambulance Services, Inc., respectfully requests that this Honorable Court grant Defendant's Motion and dismiss Plaintiff's complaint for lack of subject matter jurisdiction. In the alternative, Defendant requests that this Court stay this action pending resolution of the consolidated Cook County Actions to avoid duplicative litigation

12

317403507v.2

and promote judicial economy, and grant any further relief that this Honorable Court finds just and

appropriate.

Dated: August 4, 2025                      Respectfully submitted,

                                  **Medical Express Ambulance Services, Inc.**

                                  By: /s/ Brian H. Myers
                                         One of its attorneys

Brian H. Myers (ARDC# 6305867)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
1500 K Street NW, Suite 330
Washington, DC 20005
Phone: (202) 626-7695
Facsimile: (202) 628-3606
brian.myers@wilsonelser.com

13

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of August 2025, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing all ECF participants.

/s/ Brian H. Myers

14

317403507v.2