**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| Celia Cuevas, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-4735 |
| | ) | |
| Medical Express Ambulance Services, Inc., d/b/a MedEx Ambulance | ) ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY BRIEF**
**AND MOTION TO DISMISS PURSUANT TO RULE 41(b).**

Defendant, Medical Express Ambulance Services, Inc., through its undersigned counsel, for its Reply Brief in support of its Motion to Dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. Proc. 12(b)(1), for lack of subject matter jurisdiction or, in the alternative, to stay this case pursuant to the *Colorado River* abstention doctrine (ECF No. 14), as well as its Motion to Dismiss pursuant to Fed. R. Civ. Proc. 41(b) for failure to prosecute, states as follows:

In response to Defendant's Motion to Dismiss, the Court ordered Plaintiff to file a response by August 26, 2025. (ECF No.15). Plaintiff failed to file a timely response to the motion. As the party invoking federal jurisdiction, Plaintiff had the burden to establish the requirements for subject matter jurisdiction under the Class Action Fairness Act ("CAFA"). Plaintiff's failure to respond requires dismissal. Even if Plaintiff could establish federal jurisdiction, Plaintiff's failure to prosecute this case lends further support to Defendant's argument that the Court should decline to exercise jurisdiction in favor of the Cook County cases pursuant to either CAFA's home-state exception or the *Colorado River* doctrine.


2

Plaintiff's failure to prosecute this case through complying with the Court's order is an independent basis for dismissal pursuant to Fed. R. Civ. Proc. 41(b), and Defendant now moves for dismissal pursuant to Fed. R. Civ. Proc. 41(b) in addition to its original arguments for dismissal.

WHEREFORE, Defendant, Medical Express Ambulance Services, Inc., respectfully requests that this Court grant Defendant's Motion and dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. Proc. 12(b)(1) or for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b). In the alternative, Defendant requests that this Court stay this action pending resolution of the consolidated Cook County Actions to avoid duplicative litigation and promote judicial economy, and grant any further relief that this Court finds just and appropriate.

Dated: September 10, 2025        Respectfully submitted,

**Medical Express Ambulance Services, Inc.**

By: /s/ Brian H. Myers
       One of its attorneys

Brian H. Myers (ARDC# 6305867)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
1500 K Street NW, Suite 330
Washington, DC 20005
Phone: (202) 626-7695
Facsimile: (202) 628-3606
brian.myers@wilsonelser.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 10th day of September 2025, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to all ECF participants.

<div align="right">/s/ Brian H. Myers</div>