UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.4)
Eastern Division

Celia Cuevas
                                  Plaintiff,
v.                                                         Case No.: 1:25−cv−04735
                                                                            Honorable Franklin U. Valderrama
Medical Express Ambulance, Inc.
                                  Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, October 22, 2025:

       MINUTE entry before the Honorable Franklin U. Valderrama: Plaintiff Celia Cuevas sued Defendant Medical Express, Ambulance Services, Inc. on behalf of herself and a class based on a data breach that allegedly compromised Plaintiff and the classes&#039; Personally Identifiable Information (PII). R. [1], Compl. Plaintiff brings only state−law claims against Defendant, alleging that the Court has jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2). Id. paras. 21, 79−136. Defendant moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) or in the alternative, to stay the case pursuant to the Colorado River abstention doctrine pending resolution of parallel state court litigation. R. [14], Mot. Dismiss. A Rule 12(b)(1) motion tests whether the court has subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7, 570 F.3d 811, 820 (7th Cir. 2009). CAFA "creates jurisdiction when three requirements are met: the amount in controversy exceeds $5 million, at least one class member and any defendant are citizens of different states, and there are at least 100 class members." Johnson v. Diakon Logistics, Inc., 44 F. 4th 1048, 1050 (7th Cir. 2022). "The party asserting federal jurisdiction has the burden of showing CAFA's requirements are satisfied." Schutt v. Ciox Health, LLC, 28 F.4th 850, 855 (7th Cir. 2022). Defendant argues that the Court lacks subject matter jurisdiction because the amount in controversy does not exceed $5 million. Mot. Dismiss at 4. Plaintiff failed to file a response to the motion and therefore, waived any response. See In re GT Automation Grp., Inc., 828 F.3d 602, 605 (7th Cir. 2016) (noting that "[a]n argument not responded to is ordinarily deemed waived" and finding that plaintiff had failed to carry its burden of showing it had Article III standing by failing to make the argument). Waiver aside, the Court agrees with Defendant. "If the party opposing federal jurisdiction contests the amount in controversy, the proponent must prove those jurisdictional facts by a preponderance of the evidence." Blomberg v. Serv. Corp. Int9;l, 639 F.3d 761, 763 (7th Cir. 2011) (cleaned up). "A good−faith estimate is acceptable if it is plausible and adequately supported by the evidence," id., and the proponent of federal court jurisdiction "may rely on the complaint 9;s allegations, the plaintiff's informal estimates, affidavits from employees or experts, or other sources," Schutt, 28 F.4th at 855. Here, as Defendant correctly points out, Plaintiff's complaint fails to identify any actual damages. For example, Plaintiff does not allege any damages as a result of the data breach, such as out−of−pocket expenses. All she alleges is that she

received a notice letter and spent some unspecified amount of time reviewing the situation. Not only does Plaintiff fail to allege any actual damage individually, but she also fails to allege that any other putative class member sustained any actual damage. Nor does Plaintiff submit any estimates, affidavits, or other evidence regarding damages. As Defendant points out, district courts in other circuits have found such allegations insufficient to satisfy CAFA. Mot. Dismiss at 5−6 (citing Crawford v. Thyssenkrupp Materials NA, Inc., 2021 WL 4843957, at *2−3 (E.D. Mo. Oct. 18, 2021); Woodward v. LA Fin. Credit Union, 2024 U.S. Dist. LEXIS 191138, at *4 (C.D. Cal. Oct. 18, 2024)). While those cases are not binding, the Court nonetheless finds them persuasive, especially in the absence of any response from Plaintiff. All in all, the Court finds that Plaintiff has failed to carry her burden of establishing by a preponderance of the evidence that she satisfies CAFA's amount−in−controversy requirement. Therefore, the Court lacks subject matter jurisdiction over this matter. The Court grants Defendant's motion to dismiss [14] and dismisses this case without prejudice for lack of subject matter jurisdiction. Civil case terminated. Mailed notice. (jcm)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.